IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| JOHN F. McDonald, | : | |
|---|---|---|
| Plaintiff, | : | 5:06-CV-307 (CAR) |
| vs. | : | |
| H&S Homes, L.L.C. | : | |
| Defendant. | : | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant H&S Homes, L.L.C.'s ("H&S Homes") Motion to Dismiss Complaint [Doc. 5] for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted. For the reasons discussed below, the Court **DENIES** Defendant's Motion to Dismiss.

**Factual Background**

McDonald filed this action asking the Court to enforce an Alabama state court judgment. In 2005, McDonald and his wife sued H&S Homes in an Alabama state court. The case went to trial, and the jury rendered a verdict in favor of McDonald and his wife in the amount of $440,000, bearing interest at the rate of 12% per annum. After ruling on several post-trial motions, the Alabama state court, on November 17, 2005, entered a judgment on the verdict.

Wishing to collect on that judgment in the state of Georgia, McDonald filed the current action asking this Court to enforce the Alabama state court judgment pursuant to the tenets of the "Full Faith and Credit" clause. 28 U.S.C. § 1738. H&S Homes then filed the present Motion to Dismiss.

## Motion to Dismiss Standard

Defendant first challenges this Court's subject-matter jurisdiction over the action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In the face of a challenge to a federal court's subject-matter jurisdiction, the plaintiff bears the burden of proving that jurisdiction exists. See OSI, Inc. v. U.S., 285 F.3d 947, 951 (11th Cir. 2002).

Defendant next challenges the sufficiency of Plaintiff's complaint pursuant to Rule 12(b)(6). The Court may only grant a Rule 12(b)(6) motion if it is "demonstrated 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Day v. Taylor, 400 F.3d 1272, 1275 (11th Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

In reviewing Defendant's Motion to Dismiss under Rules 12(b)(6) and 12(b)(1), the Court must construe the Complaint in the light most favorable to Plaintiff and accept Plaintiff's alleged facts as true. Id. The Court will now turn to the merits of H&S Homes's challenges.

## Discussion

A plaintiff wishing to enforce another state's judgment in Georgia has two options. He can either file a civil action in *any* court of law requesting that court to enforce the foreign judgment, or simply register that judgment in a *state* court pursuant to the Uniform Enforcement of Foreign Judgments Law ("UEFJL" or "Law"). O.C.G.A. § 9-12-130 et. seq. The historical developments in this area shed some light on the issues presently before the Court.

Prior to the adoption of the UEFJL, a judgment creditor in Georgia had no choice but to rely on the cumbersome common law process of filing a civil action to enforce a judgment of another court. Such requests soon overcrowded the courts' dockets. To alleviate the calendar congestion, Georgia adopted a procedural shortcut for enforcing foreign judgments–the UEFJL. Rather than requiring a judgment creditor to file a civil action to enforce foreign judgments, the Law allows a creditor to simply file an authenticated copy of the judgment with the court. O.C.G.A. § 9-12-132. The Law does not, however, preclude the judgment creditor from relying on the original method; in fact, the Law specifically preserves a creditor's right to "bring an action to enforce a judgment instead of proceeding under this article." O.C.G.A. § 9-12-136. For reasons not entirely clear to this Court, McDonald chose to forgo his state-created procedural shortcut, and filed a civil action in this Court requesting it to enforce his Alabama

judgment.[1]  H&S Homes asks this Court to dismiss McDonald's action for two reasons.

H&S Homes's first argument–that the Court lacks subject matter jurisdiction–is without merit.  It is well-established that the federal courts are courts of limited jurisdiction.  At first glimpse, it may seem as though the "Full Faith and Credit" clause, codified in 28 U.S.C. § 1738, may provide the basis for federal-question jurisdiction.  However, the cause of action in this case is only tangentially premised on the tenets of the "Full Faith and Credit" clause.  Therefore, the clause alone is not sufficient to invoke federal-question jurisdiction.  Hazen Research, Inc. v. Omega Minerals, Inc., 497 F.2d 151,154 (5th Cir. 1974).

The Court does, however, have subject-matter jurisdiction based on diversity.  McDonald is a citizen of the state of Alabama.  H&S Homes is a citizen of Georgia.  The Alabama state judgment exceeds $75,000.  As such, this Court has diversity jurisdiction over the parties in accordance with the requirements of 28 U.S.C. § 1332.

H&S Homes' second argument–that McDonald failed to state a cause of action on which relief can be granted–is also without merit.  Relying on decisions rendered by district courts outside of the Eleventh Circuit, H&S Homes argues that a judgment

---

[1] McDonald does, in fact, mention the UEFJL in his Complaint.  To take advantage of the Law, the judgment creditor merely needs to file an authenticated foreign judgment with the State court of competent jurisdiction.  O.C.G.A. § 9-12-132.  Rather than doing that, McDonald filed a civil action in this Court.  As such, the Court interprets McDonald's actions as a choice to forgo his state-created procedural shortcut.

4

creditor may not enforce his foreign state-court judgment in a federal court. The Eleventh Circuit, however, has, on many occasions, implicitly upheld a judgment creditor's right to do just that. See Hudson Drydocks Inc. v. Wyatt Yachts Inc., 760 F.2d 1144, 1146 (11th Cir. 1985); Borg-Warner Acceptance Corp. v. Lovett & Tharpe, Inc., 734 F.2d 639, 640 (11th Cir. 1984); Huff v. Pharr, 748 F.2d 1553, 1553 (11th Cir. 1984); Hazen Research, Inc., 497 F.2d at 154. Because the Eleventh Circuit recognizes a judgment creditor's right to enforce a foreign state-court judgment in a federal court, the Court finds that McDonald's Complaint states a claim upon which relief may be granted.

## Conclusion

For the foregoing reasons, the Court **DENIES** H&S Homes's Motion to Dismiss [Doc. 5]. Additionally, since the Court has previously granted the parties' Motion to Stay, the parties are now directed to file with the Court a single proposed scheduling order no later than ten (10) days after the date appearing on this Order. The proposed scheduling order must be in accordance with the Rules 16/26 Order [Doc. 10].

**SO ORDERED,** this 12th day of February, 2007.

                                            S/ C. Ashley Royal
                                            C. ASHLEY ROYAL
                                            UNITED STATES DISTRICT JUDGE

EHE/jab